617 So.2d 161 (1993)
Stevie Alan STOWE, Plaintiff-Appellant,
v.
Melissa Gay STOWE, Defendant-Appellee.
No. 92-663.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
*162 Rex Anglin, for plaintiff/appellant.
Kenneth Fuselier, for defendant/appellee.
Before GUIDRY, KNOLL and WOODARD, JJ.
WOODARD, Judge.
The main issue before us deals with the calculation of child support.
Stevie A. Stowe (Stevie) filed a Petition for Divorce on February 19, 1991 alleging abandonment. Melissa Gay Stowe (Melissa) answered the petition denying the allegations and reconvened asking the court, inter alia, for a divorce in her favor, for alimony pendente lite, prenatal care, and eventually, child support.
A trial on the merits was held on February 12, 1992. The trial court found that Stevie had in fact abandoned Melissa, thus finding him at fault in the dissolution of the marriage.
The trial court further held that Stevie's potential average gross income prior to the separation was $4,500.00 per month. The court awarded alimony in the amount of $100.00 per month and child support in the amount of $616.62 per month in accordance with R.S. 9:315.14.
The alimony payments were due from February 19, 1991 and child support payments were due from September 24, 1991.
*163 It is from this Judgment that Plaintiff timely appeals.

LAW

Plaintiff's Income
Plaintiff asserts that the trial court erred in calculating child support payments by basing the payments on the wrong amount of monthly adjusted gross income. He is right but for different reasons:
Under La.R.S. 9:315(6)(b) "Income" means:
(a) Actual gross income of a party, if the party is employed to full capacity; or
(b) Potential income of a party, if the party is voluntarily unemployed or underemployed. A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party.
(c) The court may also consider as income the benefits a party derives from remarriage, expense-sharing, or other source.
Plaintiff maintained that he is unemployable.
In determining gross income, sub judice, the trial court cited La. 9:315(6)(b) in its written reasons and stated that it found "no evidence that the plaintiff is unemployable or incapable of being employed. His testimony regarding his income is less than credible." There is contradictory testimony as to the amount of income plaintiff received and the different sources from which he derives income. In reviewing the record, we do not find that the trial judge was manifestly erroneous in concluding that plaintiff's potential gross income was $4,500.00 per month.
Additionally, plaintiff contends that the trial court made no allowance in the calculation for preexisting child support payments that plaintiff makes to a prior wife. La.R.S. 9:315(1) defines "adjusted gross income" as gross income minus amounts for preexisting child support obligations. In refiguring the child support, as dictated by R.S. 9:315.15, and using the figures as set forth in the trial court's reasons, it appears that the trial court failed to deduct the $200.00 preexisting child support payment. We will adjust plaintiff's monthly gross income to reflect this amount.
In looking over the trial court's written reasons, we note that the trial court found the defendant employable under R.S. 9:315(d) and imputed a potential income to her in the amount of $736.66 per month.
R.S. 9:315.9 states:
If a party is voluntarily unemployed or under-employed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. The amount of the basic child support obligation obtained by use of this Section shall not exceed that amount which the party paying support would have owed and no determination of the other party's earning income potential been made. (Emphasis added).
Under this statute, defendant is excluded as a potential income earner since she is caring for a child of the parties under the age of five years. Therefore, the trial court erred in using the calculation $736.66 as defendant's monthly gross income. However because defendant did not appeal or answer the appeal, we are bound by the trial court's judgment and will have to calculate the child support using this amount as Melissa's gross income.
Thus, we amend the child support calculations to reflect the adjustments to plaintiff's income. Child support is amended and set, pursuant to the guidelines, at $595.00 per month. This creates an overpayment of $21.62 per month that plaintiff has paid, which will be discussed more fully below.

Retroactivity
Further, plaintiff urges that the trial court erred in awarding alimony effective *164 February 19, 1991, instead of March 12, 1991, the date of judicial demand.
Under La.R.S. 9:310, an order of child support and alimony shall be retroactive to the filing date of the petition, unless the court finds good cause for not making the award. Therefore, the trial court was incorrect in making the effective date for alimony February 19, 1991. The judgment will be amended to reflect the date of judicial demand, of her petition March 12, 1991. Plaintiff has overpaid alimony in the amount of $100.00. He is entitled to an offset of this amount which will be discussed below.

Reimbursement
Since the trial court incorrectly calculated the child support, plaintiff has been overpaying $21.62 per month from September 24, 1991 until the date of this opinion. This is a total of nineteen (19) months and computes to $410.78. Instead of holding Melissa liable for the overage in one lump sum, we find it more equitable to award Stevie a small temporary offset of $25.00 per month against all future child support payments until he is fully reimbursed. Therefore child support, which is set at $595.00 per month, is reduced by $25.00 per month for the next sixteen months and the seventeenth month is reduced by $10.78. After seventeen months, the child support will resume to the set amount of $595.00. La.C.C.P. 2164.
Regarding the overpayment of alimony, we will reduce the alimony payments by $25.00 for the next four months until Stevie is reimbursed for the $100.00 overpayment of alimony. Alimony will resume to the original amount of $100.00 in the fifth month.
For the foregoing reasons, we amend the judgment of the trial court accordingly. Costs of this appeal are assessed to both parties equally.
AFFIRMED IN PART. AMENDED IN PART.